JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Daren Devalia

**DEFENDANTS**
P/O Philip Nace
P/O William C. Barr

(b) County of Residence of First Listed Plaintiff   **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
James, Schwartz & Associates, PC - (215)751-9829
1500 Walnut Street 21st Floor
Philadelphia, PA 19102

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | **PERSONAL INJURY** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 365 Personal Injury - Product Liability | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 896 Arbitration |
| | ☐ 368 Asbestos Personal Injury Product Liability | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §§ 1983
Brief description of cause:
Plaintiff's civil rights were violated by defendants

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
1,200,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
11/20/2013

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Daren Devalia                    :          CIVIL ACTION
                                 :
                                 :
City of Philadelphia      v.     :
                                 :          NO.
                                 :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)


11/20/13                Jonathan J. James          Plaintiff
**Date**                **Attorney-at-law**        **Attorney for**

(215) 751-9865          (215) 751-0658             JJames@civilrightspa.com
**Telephone**           **FAX Number**             **E-Mail Address**


(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 6600 Sprague Street, Apt. D-1 Philadelphia, PA 19140

Address of Defendant: 1515 Arch Street Philadelphia, PA 19107

Place of Accident, Incident or Transaction: Plaintiff's girlfriend's house in Philadelphia
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒
*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Jonathan J. James_____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 11/20/2013_____    _____    64534
                              Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/20/13_____    _____    64534
                           Attorney-at-Law             Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAREN DEVALIA | : | |
| 6600 SPRAGUE STREET, APT. D-1 | : | |
| PHILADELPHIA, PA 19140 | : | |
| *PLAINTIFF*, | : | CIVIL ACTION NO. |
| V. | : | |
| | : | |
| CITY OF PHILADELPHIA | : | JURY TRIAL DEMANDED |
| P/O PHILIP NACE | : | |
| P/O WILLIAM C. BARR | : | |
| 1515 ARCH STREET | : | |
| PHILADELPHIA, PA 19107 | : | |
| *DEFENDANTS* | : | |

## COMPLAINT

### JURISDICTION

1.      This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the Commonwealth of Pennsylvania. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and the aforementioned statutory provision. Plaintiff further invokes the pendent jurisdiction of this Court, provided by 28 U.S.C. § 1367, to entertain claims arising under state law.

### PARTIES

2.      Plaintiff DAREN DEVALIA (Hereinafter referred to as "Plaintiff"), is a citizen of the United States and resident of the Commonwealth of Pennsylvania.

3.      Defendant CITY OF PHILADELPHIA, (Hereinafter referred to as "City"), at all times relevant to this Complaint, is a municipality of the Commonwealth of Pennsylvania, and owns,

operates, manages, directs and controls the Philadelphia Police Department, which employees the below-named police officers.

4.       Defendant PHILIP NACE (Hereinafter referred to as "Nace"), at all times pertinent to this Complaint, was and is employed by the Philadelphia Police Department, acting under color of state law, pursuant to the official policy, custom or practice of City of Philadelphia and/or its Police Department.

5.       Defendant WILLIAM C. BARR (Hereinafter referred to as "Barr"), at all times pertinent to this Complaint, was and is employed by the Philadelphia Police Department, acting under color of state law, pursuant to the official policy, custom or practice of City of Philadelphia and/or its Police Department

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

6.       On May 28, 2013, Plaintiff Daren Devalia, who is a 26 year-old male, was involved in a verbal dispute with his girlfriend.

7.       The dispute turned physical when Plaintiff took a tree branch and broke out the windows of his girlfriend's car prompting her to call the police.

8.       Defendants Nace and Barr responded to the radio call, and upon arrival, immediately drew their weapons at Plaintiff, who had the tree branch in his hand.

9.       When Defendants Nace and Barr arrived, Plaintiff began to take a step or two as if to run, but then stopped and put his hands up.

10.     Defendants Nace and Barr then placed handcuffs on Plaintiff and then handcuffed him to a fence immediately in front of the property.

11.     At this point, Defendant Nace, contrary to established police directives, sprayed OC

spray directly into Plaintiff's face from a short distance for no legitimate or justifiable reason.

12.     Defendant Nace, also contrary to established police directives, then struck Plaintiff multiple times with his retractable metallic baton including in his head area, causing a severe laceration that took nine staples to close.

13.     Defendant Barr witnesses the unlawful assault of Plaintiff by Defendant Nace, and is believed to have participated in striking Plaintiff and, in addition, did not prevent, intervene, or report the unlawful conduct.

14.     Plaintiff was charged with various crimes and ultimately pled guilty to possession of an instrument of crime (tree branch) and resisting arrest (for conduct prior to being handcuffed).

## COUNT I

## FEDERAL CAUSE OF ACTION

### 42 U.S.C. § 1983 – Fourth Amendment

### Plaintiff v. Defendants Nace and Barr

15.     Plaintiff Daren Devalia hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

16.     The acts of Defendants described herein were committed under color of state law, either directly or through conspiracy whereby Defendants conspired to deprive Plaintiff of his civil rights to be free from unreasonable searches and seizures under the Fourth Amendment.

17.     As a direct and proximate cause of the actions of Defendants, individually and jointly, Plaintiff suffered the following injury and damages:

      a.      Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania to be free in his person from unreasonable searches and seizures;

      b.      Loss of his physical liberty;

c.   Physical pain, and emotional distress, public humiliation, damage to his reputation, depression and anxiety.

18.   Plaintiff claims damages under 42 U.S.C. § 1983, for the injuries set forth above against Defendants for their violation of the clearly established and well-settled federal constitutional rights of Plaintiff.

## COUNT II

### FEDERAL CAUSE OF ACTION: 42 U.S.C. § 1983

### PLAINTIFF V. DEFENDANT CITY OF PHILADELPHIA

19.   Plaintiff hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

20.   Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

a.   Unlawful detentions and unlawful use of force by police officers;

b.   The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

c.   The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

d.   Police officers' use of their status as police officers to employ the use of unlawful arrest and use of force, or to achieve ends not reasonably related to their police duties;

e.   Police officers' use of their status as police officers to employ the use of unlawful use of arrest, invoke the Code of Silence, or to achieve ends not reasonably related to police duties;

f.   The failure of police officers to follow established policies, procedures, directives and instructions regarding the use of arrest powers under such circumstances as presented in this case;

4

g. The refusal of police officers to intervene when other officers violate the rights of citizens in their presence;

h. The failure to identify and take remedial or disciplinary action against units of officers assigned to narcotics investigations in light of repeated instances of misconduct over a period of many years as alleged in this Complaint; and

i. The refusal of police officers to report or provide information concerning the misconduct of other police officers, a custom or practice known as the "Code of Silence."

21. Defendant City of Philadelphia failed to properly train, supervise or discipline officers assigned to narcotics units of the Philadelphia Police Department who have engaged over a period of many years in systematic abuses of authority, including but not limited to:

(a) the duty to provide only truthful information in securing search and arrest warrants;

(b) the duty to ensure that relationships and dealings with confidential informants are in accord with Police Department policy and constitutional commands;

(c) the duty to disclose exculpatory evidence in criminal cases;

(d) their duty not to undertake arrests in the absence of lawful grounds;

(e) the duty to provide accurate and truthful information to the prosecutor's office;

(f) the duty to report and disclose misconduct and illegal actions of other police officers;

(g) the improper execution of search warrants, and in particular prohibitions on searches that go beyond those authorized by the warrant, and/or involve the destruction or theft of property or evidence; and

(h) the fabrication of evidence against an accused to justify their illegal actions and conduct.

22. Defendant City of Philadelphia failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of individuals by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the defendant officers in this case, to violate the rights of citizens such as plaintiff.

23.     Defendant City of Philadelphia is deliberately indifferent to the need to train, supervise and discipline police officers. The Internal Affairs Division (IAD) of the Philadelphia Police Department (PPD) fails to provide an internal disciplinary mechanism that imposes meaningful disciplinary and remedial actions in the following respects:

a.  There are excessive and chronic delays in resolving disciplinary complaints;

b.  There is a lack of consistent, rational and meaningful disciplinary and remedial actions;

c.  There is a failure to effectively discipline substantial numbers of officers who were found to have engaged in misconduct;

d.  The PPD's internal investigatory process has fallen below accepted practices and is arbitrary and inconsistent;

e.  The PPD discipline, as practiced, is incident based rather than progressive. Thus, repeat violators are not being penalized in proportion to the number of violations;

f.  The conduct of IAD investigations demonstrates that PPD internal affairs personnel are not adequately trained and supervised in the proper conduct of such investigations;

g.  A global analysis of IAD's investigatory procedures indicates a pattern of administrative conduct where the benefit of the doubt is given to the officer rather than the complainant;

h.  There are serious deficiencies in the quality of IAD investigations and the validity of the IAD findings and conclusions;

i.  The PPD lacks an effective early warning system to identify, track and monitor "problem" officers;

j.  Despite the fact that several of the defendant officers had amassed an exceptionally large number of serious misconduct complaints, the officers stayed well below the radar of an early warning system;

k.  Despite numerous prior complaints against several of the defendant officers, the PPD took no meaningful disciplinary or remedial actions;

l.  Despite numerous prior complaints against several of the defendant officers, the PPD took no meaningful steps to more closely monitor, retrain and supervise the officers;

m.  IAD frequently fails to interview available eyewitnesses to incidents involving citizen

complaints of misconduct. The interviews that are conducted by IAD are below acceptable standards of police practice and fail to address key issues in the cases; and

n. IAD fails to acknowledge the disproportionate and extreme use of force used by police officers in the investigation of citizen complaints and fails to properly categorize the police officers' misconduct in those cases as an impermissible use of force.

24.    Defendants have by the above described actions deprived the plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983. Defendant City of Philadelphia, as a matter of policy or practice, has, with deliberate indifference to the rights of its citizens, including Plaintiff, failed to:

a.    adequately hire, discipline, train, supervise and/or otherwise direct its employees, including Defendants in this case, concerning the rights of citizens;

b.    establish a system which properly identifies, reports and/or investigates instances of improper conduct by its employees, including Defendants in this case; and

c.    adequately sanction and/or discipline its employees, including Defendants in this case, for violations of the rights of citizens;

hereby causing Defendants, in this case, to engage in the unlawful conduct described herein.

25.    By these actions, Defendant City of Philadelphia has deprived Plaintiff of his rights secured by the United States Constitution in violation of 42 U.S.C. § 1983.

## COUNT III

## STATE CLAIM

## ASSAULT AND BATTERY

### Plaintiff v. Defendants Nace and Barr

26.    Plaintiff Daren Devalia incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

27.    By the conduct set forth above, by physically restraining and handcuffing Plaintiff, discharging OC Spray into Plaintiff's face, and striking him in the head with a baton, all without

7

legal cause or justification, Defendants, jointly and individually, used unreasonable force and caused and intended to cause a harmful and offensive contact with the body of Plaintiff.

28.      By the conduct set forth above, Defendants, jointly and individually, caused and intended to cause Plaintiff immediate and harmful injury.

29.      As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical injury and pain, and continues to suffer emotional distress, humiliation, mental pain and anguish.

## COUNT IV

## DAMAGES

30.      Plaintiff Daren Devalia hereby incorporates the preceding paragraphs of this Complaint as set forth above.

31.      Plaintiff suffered losses including, but not limited to pain and suffering, economic losses, and medical expenses.

32.      The conduct of Defendants, individually and jointly, was outrageous, in that it was malicious, wanton, willful, or oppressive, or showed reckless indifference to the interests of Plaintiff, and therefore, warrants the imposition of punitive damages.

33.

          **WHEREFORE**, Plaintiff Daren Devalia requests the following relief:

          a.       Compensatory damages;
          b.       Punitive damages;
          c.       Such equitable and legal relief as is proper and just.
          d.       Attorney fees
          e.       Plaintiff demands a trial by jury on issues triable to a jury.

Respectfully submitted,

**JAMES, SCHWARTZ & ASSOCIATES, P. C.**
1500 Walnut Street – 21st Floor
Philadelphia, PA 19102
215-751-9865

By:     _____/s/ Jonathan J. James, JJJ6405_____
JONATHAN J. JAMES, ESQUIRE
Attorney I.D. #64534
jjames@civilrightspa.com

By:     _____/s/ Michael C. Schwartz MCS 6449_____
MICHAEL C. SCHWARTZ, ESQUIRE
Attorney I.D. # 39475
mschwartz@civilrightspa.com

**ATTORNEYS FOR PLAINTIFF**

Date: November 20, 2013

9