IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| DAREN DEVALIA, | : | |
|     Plaintiff | : | |
|     v. | : | CIVIL ACTION NO. 2:13-CV-06748 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |
|     Defendants | : | |

_____

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(a)**

**I.   INTRODUCTION**

Plaintiff filed a Complaint raising a claim pursuant to 42 U.S.C. § 1983, alleging a Fourth Amendment violation based upon excessive force against Defendant Police Officer Philip Nace and Defendant Police Officer William Barr (Count I); a § 1983 claim against City of Philadelphia alleging *Monell* liability (Count II); and a pendant state claim against Defendants Nace and Barr of assault and battery (Count III).

Plaintiff now seeks to dismiss this action voluntarily without prejudice, pursuant to Fed.R.Civ.P. 41(a)(2).

**II.   STATEMENT OF CASE**

    **A.   Procedural History**

On November 21, 2013, the instant Complaint was filed and was served on November 22, 2013. Defendant City of Philadelphia, represented by Assistant City Solicitor Amanda Shoffel, Esquire, filed its Answer on December 10, 2013. On December 19, 2013, Ms. Shoffel

filed an Answer on behalf of Defendants Nace and Barr. On February 4, 2014, a Rule 16 hearing took place that resulted in the Court issuing a scheduling order with a May 14, 2014 discovery deadline.

On February 21, 2014, Plaintiff sent Defendants a letter inquiring about the answers to interrogatories and requests for production of documents that were served upon Defendants in early December 2013.

On March 19, 2014, Plaintiff sent and email requesting the status of the answers to the discovery requests. A second email was sent on April 8, 2014. In response, Defendants provided documents and answers to interrogatories on April 9 and April 14, 2014, respectively.

On April 25, 2014, Plaintiffs sent a letter (via email) requesting Defendants to address various discovery issues, and attached a Request for Production of Documents, Second Set, attached collectively as Exhibit A. The letter suggested that we an extension of the discovery deadline would be necessary.

On May 6, 2014, a Stipulation of Counsel for Enlargement of Deadlines was submitted for the Court's approval. To date Defendants have not answered Plaintiff's letter of April 25, 2014, or the Request for Production of Documents, Second Set.[1]

## B. FACTUAL HISTORY

According to the Complaint, on May 28, 2013, Plaintiff Daren Devalia, who is a 26 year-old male, was involved in a verbal dispute with his girlfriend. The dispute turned physical when Plaintiff took a tree branch and broke out the windows of his girlfriend's car prompting her to

---

[1] The progress of the discovery in this matter is recounted only because it is one factor for this Court to consider in deciding this motion. *See* Legal Standard, *infra*.

call the police. Defendants Nace and Barr responded to the radio call, and upon arrival, immediately drew their weapons at Plaintiff, who had the tree branch in his hand. When Defendants Nace and Barr arrived, Plaintiff began to take a step or two as if to run, but then stopped and put his hands up. Defendants Nace and Barr then placed handcuffs on Plaintiff and then handcuffed him to a fence immediately in front of the property. At this point, Defendant Nace, contrary to established police directives, sprayed OC spray directly into Plaintiff's face from a short distance for no legitimate or justifiable reason. Defendant Nace, also contrary to established police directives, then struck Plaintiff multiple times with his retractable metallic baton including in his head area, causing a severe laceration that took nine staples to close. Defendant Barr witnesses the unlawful assault of Plaintiff by Defendant Nace, and is believed to have participated in striking Plaintiff and, in addition, did not prevent, intervene, or report the unlawful conduct. Plaintiff was charged with various crimes and ultimately pled guilty to possession of an instrument of crime (tree branch) and resisting arrest (for conduct prior to being handcuffed).

According to the discovery received, there is a huge discrepancy between Plaintiff's version of the events and those of the two-named defendants, including the fact that there is a third police officer, Hackley, who arrived on the scene and discharged his Taser gun into Plaintiff who was allegedly still struggling while he had one hand handcuffed to a railing.

### III.   LEGAL STANDARD

This Court recounted the legal standard for consideration of a motion to dismiss under Rule 41(a)(2) in *Yazzie v. GlaxoSmithKline,* No. 12-1006 (E.D.Pa., August 13, 2013):

Rule 41(a)(2)'s primary purpose is to thwart voluntary dismissals by plaintiffs that would result in clear legal prejudice to defendants. The decision as to whether to grant such a motion is within the district court's sound discretion. *In re Diet Drugs (Phentermine/Fenfluramine/ Dexfenfluram ine) Prods. Litig.*, 85 F. App'x 845, 847 (3d Cir. 2004), (*citing Ferguson v. Eakle*, 492 F.2d 26, 28 (3d Cir.1974)); *see also Kean v. Adler*, 65 F. App'x 408, 415 (3d Cir. 2003) (a district court's order granting voluntary dismissal without prejudice is a "mere procedural ruling[]" and not a "final judgment[ ] on the merits" fit for review"); *Westinghouse Elec. Corp. v. United Elec. Radio and Machine Workers of Am.*, 194 F.2d 770 (3d Cir. 1952) ("An order of dismissal entered pursuant to [Rule 41(a)(2)] . . . should not be disturbed on appeal of the defendant except for arbitrary action which has subjected the defendant to plain prejudice beyond the prospect of subsequent litigation.").

The Third Circuit adopts the same liberal policy for motions brought under Fed. R. Civ. P. 41(a)(2) that it utilizes in resolving motions to amend under Fed. R. Civ. P. 15(a). *In re Paoli R.R. Yard PCB Litig.,* 916 F.2d 829, 863 (3d Cir. 1990). As a general matter, a district court considering a plaintiff's motion for voluntarily dismissal must first "decide the presence or extent of any prejudice to the defendant" that may result from dismissing plaintiff's complaint. *In re Diet Drugs Prods. Litig.,* 85 F. App'x at 847 (3d Cir. 2004) (*quoting Ferguson* 492 F.2d at 29). Unless the court determines that "defendant will suffer some prejudice other than the mere prospect of a second lawsuit," the district court should grant plaintiff's motion. *Paoli,* 916 F.2d at 863 (*citing* 5 J. Moore, *Moore's Federal Practice* ¶ 41.05[1], at 41-62 (1988)). Voluntary motions to dismiss are generally found prejudicial where a plaintiff seeks to start its litigation anew in the advanced stages of a lawsuit, after discovery has closed and the parties have filed dispositive motions or prepared for trial. *See e.g. In re Diet Drugs Prods. Litig.,* 85 F. App'x at 847; *Ferguson,* 492 F.2d at 28. Nonetheless, plain legal prejudice does not result just because the defendant faces the prospect of a second lawsuit on the same issues in a forum that may prove more favorable to the plaintiff. *Paoli,* 916 F.2d at 863.

*Id*. at 3-4

## IV. LEGAL ARGUMENT

### A. PLAINTIFF'S MOTION PURSUANT TO RULE 41(a)(2) SHOULD BE GRANTED WHERE THERE IS NO PREJUDICE TO DEFENDANTS AND DISCOVERY IS AT THE EARLIEST STAGES

Discovery, in the form of answers to interrogatories and police reports, which has only been recently received, indicates that there are significant discrepancies among Defendants' versions and Plaintiff's version of events as recounted in the Complaint. In addition, there is a new wrinkle in that Plaintiff was also apparently struck with a Taser gun discharged by a third officer about whom Plaintiff's counsel was completely unaware. Rather than sue that officer willy-nilly, Plaintiff now seeks to voluntarily dismiss this matter to re-assess and investigate this matter further.

There is no prejudice to Defendants. Under the legal standard set forth above, this is not a case where Plaintiff "seeks to start its litigation anew in the advanced stages of a lawsuit, after discovery has closed and the parties have filed dispositive motions or prepared for trial." Rather less than two months after partial discovery has been received, and before depositions have taken place, Plaintiff seeks to reassess this case. This may actually benefit Defendants, rather than prejudice them.

Applying the liberal policy of granting motions to dismiss even if Plaintiff seeks to file another lawsuit, the instant motion should be granted. As the Third Circuit stated the mere prospect of facing a second lawsuit, even in a more favorable forum, does not establish prejudice. *Paoli, supra,*

**CONCLUSION**

For all the foregoing reasons, Plaintiff, by counsel, respectfully requests that this Court dismiss this action without prejudice, pursuant to Rule 41(a)(2)..

        Respectfully submitted,

        **JAMES, SCHWARTZ & ASSOCIATES, P. C.**
        1500 Walnut Street – 21st Floor
        Philadelphia, PA 19102
        215-751-9865

By:      /s/ Jonathan J. James, JJJ6405
        JONATHAN J. JAMES, ESQUIRE
        Attorney I.D. #64534
        jjames@civilrightspa.com

By:      /s/ Michael C. Schwartz MCS 6449
        MICHAEL C. SCHWARTZ, ESQUIRE
        Attorney I.D. # 39475
        mschwartz@civilrightspa.com

        **ATTORNEYS FOR PLAINTIFF**


**CERTIFICATE OF SERVICE**

I hereby certify that, June 4, 2014, a true and correct copy of the foregoing Motion to Dismiss, Memorandum of Law, and Order was served on all counsel of record via the ECF System and is available for viewing and downloading.

        Respectfully submitted,

        **JAMES, SCHWARTZ & ASSOCIATES, P. C.**

By:      /s/ Michael C. Schwartz MCS 6449
        MICHAEL C. SCHWARTZ, ESQUIRE